KAREN L. LOEFFLER
United States Attorney

STEPHEN COOPER
Assistant United States Attorney
Federal Building & U. S. Courthouse
101 12th Avenue, # 310
Fairbanks, Alaska   99701
Tel: (907) 456-0245
Fax: (907) 456-0577
E-mail: Stephen.Cooper@usdoj.gov
DANIEL P. BUTLER
Trial Attorney, Fraud Section
Criminal Division
United States Department of Justice
1400 New York Avenue, N.W., Room 4404
Washington, D.C.   20530
Phone: (202) 307-2184
Fax: (202) 514-7021
Email: Daniel.Butler2@usdoj.gov
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:16-cr-000xx-RRB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PLEA AGREEMENT** |
| | ) | |
| SHELDON J. MORGAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States.  This agreement is limited to the District of Alaska and the Fraud Section, Criminal Division, United States Department of Justice; it does not bind other federal, state, or local prosecuting authorities.

## I.  TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS

### A.  Terms of Agreement

1.  The defendant agrees to waive indictment and plead guilty to count 1 of the Information in this case.

2.  The parties have no agreement regarding sentencing or sentencing recommendations, except that: subject to the conditions in section III B 1 below, if defendant qualifies and continues to qualify for acceptance of responsibility the United States will agree to the three-level reduction for acceptance of responsibility.

3.  The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement, and will waive all rights to

U. S. v. Morgan
4:16-cr-xx-RRB

2

collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea on grounds not now known or knowable by due diligence.

## B.    Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B) will control this plea agreement.    Thus, the defendant may not withdraw from this agreement or the guilty pleas if the Court rejects the parties' sentencing recommendations.

## C.    Waiver of Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

## II.    CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE

### A.    Charges

1.    The defendant agrees to plead guilty to the following count of the Information:

3

U. S. v. Morgan
4:16-cr-xx-RRB

Count 1: Conspiracy to commit offenses against the United States, namely bribery, in violation of 18 U.S.C. § 201(b), and to defraud the United States of money and property, namely fuel, in violation of 18 U.S.C. § 371.

**B.    Elements**

The elements of the charge to which the defendant is pleading guilty are as follows:

Count 1:

The crime of conspiracy has the following elements:

First, beginning in or about early December 2010 and ending in or about early February 2011, there was an agreement between two or more persons to commit at least one crime or to defraud the United States, as charged in the Information;

Second the defendant became a member of the conspiracy knowing at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

4

U. S. v. Morgan
4:16-cr-xx-RRB

The crime of receipt of bribes by a public official has the following elements:

First, the defendant was a public official;

Second, the defendant solicited, received, or agreed to receive something of value, namely money, in return for being influenced in the performance of an official act, being influenced to commit or allow a fraud on the United States, or being persuaded to do or not to do an act in violation of defendant's official duty; and

Third, the defendant acted corruptly, that is, intending to be influenced in the performance of an official act, to commit or allow a fraud on the United States, or to do an act in violation of the defendant's official duty.

**C.   Factual Basis**

The defendant served in the United States Army in the 426th Brigade Support Battalion at Forward Operating Base ("FOB") Fenty, near Jalalabad, Afghanistan.   Defendant's tour of duty was from in or about May 2010 through in or about May 2011, during which time he was a Specialist (E-4).

5

U. S. v. Morgan
4:16-cr-xx-RRB

During the time of the conduct charged in this Information, FOB Fenty served as a hub for the distribution of fuel to nearby bases. Fuel would be brought to FOB Fenty in large fuel trucks, downloaded at FOB Fenty for storage, and then transported from FOB Fenty to other bases as needed in smaller fuel trucks.

The duties of defendant included assisting in overseeing the distribution of fuel from FOB Fenty to other United States bases in Afghanistan.

The "Trucking Company" was an Afghan company that provided trucking services. It provided transportation of fuel by truck for the United States Army from FOB Fenty to other destinations throughout Afghanistan. "Individual #1" worked for the Trucking Company as a translator for the drivers of the "Jingle" trucks, colorfully decorated Afghan transport trucks. Defendant interacted with Individual #1 almost every day.

The procedures used by defendant for fuel transportation were generally as follows: when another United States military base needed fuel, defendant's supervisor notified an authorized Afghan trucking

6

U. S. v. Morgan
4:16-cr-xx-RRB

company of the need to transport fuel from FOB Fenty to another base and the Trucking Company provided a fuel truck for the purpose. To document the transportation of fuel, the Army generated a document called a Transportation Movement Request ("TMR"), which authorized the movement of fuel from FOB Fenty to another military base. The driver of the truck carried the TMR through the fuel transportation mission and ultimately presented it at delivery.

In or about December 2010, Individual #1 asked defendant to allow him to steal some of the fuel being loaded at FOB Fenty, to which defendant agreed. Defendant subsequently allowed Individual #1 to steal two truckloads of fuel in or about December 2010. Individual #1 accomplished the theft by inserting an extra 5,000 gallon tanker truck onto an already scheduled mission without the paperwork or TMRs.

In return for allowing Individual #1 to steal the two trucks of fuel, Individual #1 agreed to pay defendant $5,000 per truck. Individual #1 suggested that he would wire transfer the money to defendant. Defendant, not wanting to use the joint USAA bank account he shared with his wife and not wanting to be associated with the money, told his

7

U. S. v. Morgan
4:16-cr-xx-RRB

wife to open a bank account in her name only in the Philippines, which she did. Thereafter, on or about January 26, 2011 and on or about February 1, 2011, respectively, Individual #1 caused to be sent by wire to this account in the Philippines two separate payments of $5,010. This money was used for the personal benefit of defendant and his wife.

During this time, replacing fuel at FOB Fenty cost the United States approximately on average $3.73 per gallon and, thus, for two 5,000 gallon trucks, the loss to the United States occasioned by this criminal conspiracy was approximately $37,300.

Venue is proper in this District pursuant to the extraterritorial venue provision, 18 U.S.C. § 3238.

**D.    Statutory Penalties and Other Matters Affecting Sentence**

1.    **Statutory Penalties**

The statutory penalties applicable to the charge to which the defendant is pleading guilty, based on the facts which the defendant will admit in support of the guilty plea, are as follows:

Count 1 – Conspiracy to commit offenses and to defraud the

8

U. S. v. Morgan
4:16-cr-xx-RRB

United States, in violation of 18 U.S.C. § 371:

1) imprisonment for a maximum of 5 years;

2) a maximum $250,000 fine;

3) a $100 mandatory special assessment; and

4) a maximum of 3 years on supervised release.

## 2. Other Matters Affecting Sentence

### a. Conditions affecting the defendant's sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G.

9

U. S. v. Morgan
4:16-cr-xx-RRB

§ 5E1.1.

### b.    Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence.    All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, Alaska 99513-7564.

### c.    Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury.    If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense and will not be permitted to return unless the defendant specifically receives the prior approval of the United States Attorney General.

U. S. v. Morgan
4:16-cr-xx-RRB

10

### E. Forfeiture

Defendant agrees, pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1), to forfeit and give to the United States prior to the date of sentencing any right, title, and interest which defendant may have in assets constituting or derived from proceeds which he has that defendant obtained directly or indirectly as a result of the violation to which he is pleading guilty and/or any property, real or personal, involved in the conspiracy to receive bribes.  Defendant further agrees not to contest the administrative, civil, or criminal forfeiture of any such asset(s).  These assets include, but are not limited to, any assets charged in the Information filed by the United States.  Defendant agrees that any asset charged in the Information is forfeitable as proceeds of the illegal activity for which he is pleading guilty.  With respect to any asset which defendant has agreed to forfeit, defendant waives any constitutional and statutory challenges in any manner (including direct appeal, collateral challenges of any type, habeas corpus motions or petition, or any other means) to any forfeiture carried

U. S. v. Morgan
4:16-cr-xx-RRB

11

out in accordance with this plea agreement on any grounds, including

that the forfeiture constitutes an excessive fine or punishment under

the Eighth Amendment to the United States Constitution. Specifically,

defendant consents to the entry of a money judgment against him in the

amount of $10,020 representing a sum of money constituting, or derived

from, proceeds obtained, directly or indirectly, as a result of the offense

of conspiracy to receive bribes and defraud the United States, in

violation of 18 U.S.C. § 371.

## F.    Restitution

There is no agreement regarding restitution in this case.

## III.  ADVISORY UNITED STATES SENTENCING GUIDELINES; GUIDELINE APPLICATION AGREEMENTS; SENTENCING RECOMMENDATIONS

### A.    Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing

Commission Guidelines (U.S.S.G.) as well as the factors set forth in 18

U.S.C. § 3553(a) when considering the sentence to impose. The

U.S.S.G. do not establish the statutory maximum or minimum sentence

U. S. v. Morgan
4:16-cr-xx-RRB

12

applicable to the offenses to which the defendant is pleading guilty.
The U.S.S.G. are not mandatory and the Court is not bound to impose a
sentence recommended by the U.S.S.G.

## B.   Guideline Application Agreements

The parties have no agreements on any guideline applications
unless set forth below in this section.

### 1.   Acceptance of responsibility

Subject to the defendant satisfying the criteria set out in U.S.S.G.
§ 3E1.1 and the applicable application notes, the United States agrees
to recommend the defendant for a two level downward adjustment for
acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move
for the additional one level adjustment for acceptance of responsibility.
If, at any time prior to imposition of the sentence, the United States
concludes that the defendant fails to fully satisfy the criteria set out in
U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of
responsibility, the United States will not make or, if already made, will
withdraw this recommendation and motion.

U. S. v. Morgan
4:16-cr-xx-RRB

13

## C. Sentencing Recommendations and Agreement

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the Probation Office recommends, as well as present evidence in support of their respective sentencing arguments. Subject to the Terms of Agreement stated in section IA above, the parties are free to recommend to the Court their respective positions on the appropriate sentencing factors and elements of the sentence to be imposed in this case based on the stipulated facts set forth in Section II C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS

### A. Trial Rights

U. S. v. Morgan
4:16-cr-xx-RRB

14

Being aware of the following, the defendant waives these trial rights:

-- If pleading to an information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

-- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

-- The right to object to the composition of the grand or trial jury;

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

--     The right to be represented by counsel at trial and if
        necessary to have a counsel appointed at public
        expense to represent the defendant at trial -- the
        defendant is not waiving the right to have counsel
        continue to represent the defendant during the
        sentencing phase of this case;

--     The right to confront and cross examine witnesses
        against the defendant, and the right to subpoena
        witnesses to appear in the defendant's behalf;

--     The right to remain silent at trial, with such silence
        not to be used against the defendant, and the right to
        testify in the defendant's own behalf; and

--     The right to contest the validity of any searches
        conducted on the defendant's property or person.

## B.     Appellate Rights

The defendant waives the right to appeal the conviction resulting

from the entry of a guilty plea to the charges set forth in this

U. S. v. Morgan
4:16-cr-xx-RRB

16

agreement.    The defendant further agrees that if the Court imposes a
sentence that does not exceed the statutory maximum penalties, as set
forth in section II D above in this agreement, the defendant waives
without exception the right to appeal on all grounds contained in 18
U.S.C. § 3742 the sentence the Court imposes, including forfeiture (if
applicable) or terms or conditions of probation (if applicable) or
supervised release, and any fines or restitution.

## C.    Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the
resulting conviction and/or sentence, including forfeiture (if applicable)
or terms or conditions of probation (if applicable) or supervised release,
and any fines or restitution, the Court imposes.    The only exceptions to
this collateral attack waiver are as follows: 1) any challenge to the
conviction or sentence alleging ineffective assistance of counsel based on
information not now known to the defendant and which, in the exercise
of reasonable diligence, could not be known by the defendant at the
time the Court imposes sentence; and 2) a challenge to the

U. S. v. Morgan
4:16-cr-xx-RRB

17

voluntariness of the defendant's guilty plea.

## V.   ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea and on condition of the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense, now known, arising out of the subject of the investigation related to the charges brought in the indictment in this case and the defendant's admissions set forth in Section II C.   Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's conviction or sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated, as well as for perjury and false statements.

## VI.   ADEQUACY OF THE AGREEMENT

U. S. v. Morgan
4:16-cr-xx-RRB

18

Pursuant to Local Criminal Rule 11.2 (d)(7) and (9), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Sheldon J. Morgan, the defendant, affirm this document contains all of the agreements made between me, with the assistance of my attorney, and the United States regarding my plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before I enter my guilty plea.

If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea. If there were, I would so inform the

U. S. v. Morgan
4:16-cr-xx-RRB

19

Court.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under oath to answer questions about the offense to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may

U. S. v. Morgan
4:16-cr-xx-RRB

suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offenses and sentence as well as the possible effect the

U. S. v. Morgan
4:16-cr-xx-RRB

21

U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count 1 of the Information.


DATED: 29 April 2016    _L. Morgan_

SHELDON J. MORGAN
Defendant


As counsel for the defendant, I have discussed all plea offers and the terms of this plea agreement with the defendant, and have fully explained the charge to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony.   Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty.   I know of no reason to question the defendant's competency to make these decisions.   If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.


DATED: 4/29/2016

M. J. HADEN
Attorney for Sheldon J. Morgan


U. S. v. Morgan
4:16-cr-xx-RRB

22

On behalf of the United States, the following accept Sheldon J. Morgan offer to plead guilty under the terms of this plea agreement.

DATED: 6/24/16

STEPHEN COOPER
Assistant United States Attorney

DATED: 6/24/16

KAREN L. LOEFFLER
United States Attorney

DATED: 6/24/16

DANIEL P. BUTLER
Trial Attorney, Fraud Section
Criminal Division
U.S. Department of Justice

DATED: 6/24/16

BENJAMIN D. SINGER
Deputy Chief, Fraud Section
Criminal Division
U.S. Department of Justice

U. S. v. Morgan
4:16-cr-xx-RRB

23